RECEIVED
IN LAKE CHARLES, LA

AUG 11 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20134-002/003 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MARK ANTHONY SENEGAL<br>JOSEPH JOHNWELL, JR. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

IT IS ORDERED that the defendants' Motion for Severance IS DENIED.

To warrant severance based on the exculpatory testimony of a co-defendant, a defendant must show "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant would in fact testify if the severance were granted." *United States v. Nutall*, 180 F.3d 182, 187 (5th Cir.1999) (citing *United States v. Broussard*, 80 F.3d 1025, 1037 (5th Cir.1996)); *U.S. v. Miranda*, 248 F.3d 434, 440 (C.A.5 (Tex.), 2001). Although Henderson has executed affidavits attempting to exonerate his co-defendants, the defendants advise that Henderson "may refuse to testify when called to preserve his Fifth Amendment right against incrimination." The defendants have not shown how anticipated testimony is exculpatory nor have they given an assurance that Henderson would, in fact, testify if called. The anticipated testimony as evidenced by the submitted affidavits does not inculpate Henderson, so the likelihood that he will inculpate himself is not shown. Three of the four elements in *Nutall* have not been met.

In addition, as the government points out, Henderson would face the same risk of cross examination and self-incrimination if the charges *were* severed.

Accordingly, severance is not warranted. The Motion to Sever is DENIED.

Lake Charles, Louisiana, this \_\_1\_\_ day of August, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE